**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re DEBRA LYNN CARRICO, | ) | Case No. 11-62265-LYN |
| | ) | |
| Debtor. | ) | |
| ——————————————— | ) | |
| DEBRA LYNN CARRICO, | ) | Adversary no. 11-06136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENEFICIAL DISCOUNT CO. OF | ) | |
| VIRGINIA, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ——————————————— | ) | |

**MEMORANDUM and ORDER**

This matter comes before the court on a motion by Debra Lynn Carrico ("the Debtor") to avoid the lien of Beneficial Discount Co. of Virginia ("Beneficial").   Beneficial did not file an answer.  The Debtor filed a motion for default judgment.   The motion will be denied.

This Court has jurisdiction over this matter.  28 U.S.C. § 1334(a) & 157(a).  This proceeding is a core proceeding.  28 U.S.C. § 157(b)(2)(A).   This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On September 9, 2001, the Debtor filed the above styled-chapter 13 petition.  The Debtor

1

scheduled real property commonly known as 1052 Katy Lane, Bedford, Virginia ("the Real Property").  She scheduled the Real Property at a fair market value of $126,400.00.

The Debtor scheduled the "Amount of the Secured Claim" of USDA Rural Housing Service ("USDA") on the first deed of trust on the Real Property at an amount of $108,060.00. USDA filed a proof of claim in the amount of $106,711.81.  The Debtor scheduled the "Amount of the Secured Claim" of Beneficial on the second deed of trust on the Real Property at an amount of $31,346.00.  Beneficial filed a proof of claim in the amount of $20,862.46.  The claim was filed as an unsecured claim, but the attached documentation indicates that the claim arose under an equity line of credit.  The Debtor claimed the Real Property exempt in the amount of $1.00.

The Debtor filed an adversary complaint seeking to avoid the lien of Beneficial Finance under 11 U.S.C. § 506(d)    Beneficial Finance did not answer and the Debtor filed a motion for default judgment.

### *Discussion.*

The Court accepts well-pleaded facts as true, but those facts must give rise under the law to the relief requested.

> . . . "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. [Footnote omitted]  As the Supreme Court stated in the "venerable but still definitive case"[Footnote omitted] of <u>Thomson v. Wooster</u>: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, [Footnote omitted] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. <u>Thomson v. Wooster; Ohio Central Railroad Company v. Central Trust Company of New York</u>;

<u>Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank</u>, 515 F.2d 1200 (5th Cir 1975).  In this case, the facts as pleaded do not support the relief requested by the Debtor.

A chapter 13 plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.  11 U.S.C. § 1322(b)(2).

A debtor may not bifurcate a claim on his or her principal residence into secured and unsecured claims thus reducing the total of all mortgages on the residence to the  fair market value of the residence.  *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106 (1993).   And, while a debtor may strip off a wholly unsecured claim of a second deed of trust, the claim of Beneficial Finance is not wholly unsecured, as the fair market value of the Real Property is greater than the first deed of trust on that property.

The Debtor asserts that the lien may be avoided under 11 U.S.C. § 506(d).  That paragraph provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless–
> 1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The Debtor asserts that the claim is not an allowed secured claim because the proof of claim does not indicate or assert that the claim is secured.   This is true.   The Debtor further asserts that neither of the exceptions apply.  This is not true.

The second exception provides that the lien is not void if the creditor's claim is not an allowed secured claim only because the creditor did not file a *secured* proof of claim.  Such is

3

the case here.   Beneficial filed an unsecured proof of claim.  It did not file a secured proof of

claim.  The term "such claim" in the language of Section 506(d)(2) refers only to a secured proof

of claim, not to an unsecured proof of claim.   Application of the rule of the last antecedent[1]

requires such an interpretation.  The last antecedent use of the term "claim" prior to the use of

the term "such claim" is the phrase  "not an allowed secured claim".   Therefore, the term "such

claim" refers only to the secured portion of the claim.

## ORDER

The Debtor's motion for default judgment seeking to avoid the judicial lien of Beneficial

Discount Co. of Virginia shall be and hereby is denied.

Upon the failure of the Debtor to timely file an appeal from this order or a motion for

reconsideration, this adversary proceeding shall be dismissed and closed.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to T. Henry

Clarke, IV, Esq., Beneficial Discount Co. of Virginia, and the Chapter 13 trustee.

Entered on this  _10th_ day of February, 2012.

_____

William E. Anderson
United States Bankruptcy Judge

---

[1]         The last antecedent rule is a doctrine of interpretation (construction) of statutes that any qualifying words or phrases refer to the language immediately preceding the qualifier, unless common sense shows that it was meant to apply to something more distant or less obvious.